UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WATERFALL ASSET MANAGEMENT, LLC </br></br>Plaintiff, </br></br>v. </br></br>WATERFALL PROPERTIES GROUP, LLC </br></br>Defendants. | Civil Action No.: </br></br>**COMPLAINT** </br></br>(Jury Trial Demanded) |

## COMPLAINT

For its Complaint against Defendant Waterfall Properties Group, LLC ("WPG"), Plaintiff Waterfall Asset Management, LLC ("Waterfall") states and alleges as follows:

### THE PARTIES

1. Plaintiff Waterfall is a Delaware limited liability company with its principal place of business in New York, New York.

2. Upon information and belief, Defendant WPG is a New York limited liability company with its principal place of business in New York, New York.

### JURISDICTION AND VENUE

3. This is an action for federal service mark infringement and false designation of origin under the provisions of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and for deceptive trade practices under New York law.

4. This Court has subject matter jurisdiction over the Lanham Act claims asserted in this Complaint under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

-2-

5. The exercise of *in personam* jurisdiction over defendant WPG comports with the laws of the State of New York, NYCPLR § 302(a), and the constitutional requirements of due process at least because WPG regularly transacts, conducts, or solicits business in New York and within this judicial District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in this District and is subject to personal jurisdiction in this District. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

### Waterfall's *WATERFALL* Service Mark

7. Waterfall has used the service mark *WATERFALL* continuously in interstate commerce in the United States in connection with financial services, namely, asset management services, investment management services, real estate funds investment services, asset advisory services and investment advisory services since at least as early as April 2005. Those services are and have been offered in New York, throughout the United States, and in Europe.

8. Waterfall is headquartered in New York City and has more than 115 employees. As of March 31, 2018, Waterfall managed well over $7 billion in net assets. Waterfall is an SEC-registered investment adviser focusing on, among other things, real estate and consumer debt investments.

9. Waterfall provides each of the aforementioned services in connection with its *WATERFALL* service mark. Waterfall has expended substantial time and resources promoting its *WATERFALL* brand and has built a considerable reputation, and amassed considerable goodwill, in the *WATERFALL* mark. The *WATERFALL* mark is a valuable asset of Waterfall.

-3-

10.     On April 27, 2018, Waterfall applied to register its *WATERFALL* mark with the United States Patent and Trademark Office ("USPTO"). Waterfall owns United States Trademark Application Serial No. 87896298 for the *WATERFALL* mark, which application is currently pending with the USPTO.

### **Defendant and Its Infringing Use of "*Waterfall*"**

11.     Defendant WPG also offers real-estate-related financial services in New York City and elsewhere. WPG's services are provided under the designations *Waterfall Properties, Waterfall Properties Group* and/or *Waterfall* (the "Infringing Designations").

12.     Upon information and belief, the services WPG provides under the Infringing Designations are identical to those offered under Waterfall's *WATERFALL* mark.

13.     WPG commenced its competing use of the Infringing Designations after the first use of the *WATERFALL* mark by Waterfall.

14.     Upon information and belief, WPG commenced use of the Infringing Designations with knowledge of the *WATERFALL* mark and Waterfall's services then offered under the *WATERFALL* mark.

15.     Upon information and belief, WPG commenced use of the Infringing Designations with an intent to trade on the goodwill and consumer recognition that had been built up in the *WATERFALL* mark.

16.     WPG's use of the Infringing Designations is likely to cause confusion and mistake among consumers as to the source or origin of WPG's services and/or as to a non-existent affiliation between WPG's operations under the Infringing Designations and the operations under Waterfall's *WATERFALL* mark.

17. In early May 2018, Waterfall exchanged correspondence with WPG regarding its confusing and wrongful use of the Infringing Designations, requesting that WPG cease and desist from that use. WPG nonetheless declined to cease and desist from its use of the Infringing Designations and even today continues to use the Infringing Designations.

18. Despite the foregoing, WPG has applied with the USPTO to register the mark *Waterfall Properties* for use in connection with real estate investment services; financial investments in the field of real estate.

19. Waterfall has no control over the quality of the services WPG provides using the Infringing Designations. The invaluable goodwill represented in the *WATERFALL* mark is thereby wrongfully put at the mercy of WPG.

20. By these actions, WPG is willfully and intentionally trading upon the goodwill Waterfall has developed in the *WATERFALL* mark at Waterfall's considerable effort and expense. WPG thereby has caused and is causing Waterfall substantial and irreparable harm and injury.

**COUNT I**
**False Designation of Origin**
**(15 U.S.C. § 1125(a))**

21. Waterfall realleges, as if fully set forth at this place, the allegations contained in paragraphs 1-20 above.

22. WPG has used and continues to use the Infringing Designations in interstate commerce and in connection with services WPG distributes, advertises, offers for sale and/or sells in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of WPG with Waterfall, in view of Waterfall's

*WATERFALL* service mark, as to the origin, sponsorship or approval of WPG's services or commercial activities by Waterfall and/or its licensee.

23. WPG's actions as alleged herein constitute use of a symbol or device that is likely to cause confusion, mistake, or deception as to the affiliation or connection of WPG with Waterfall and as to the origin, sponsorship, association, or approval of WPG's services in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a). WPG is liable to Waterfall for WPG's acts of false designation of origin.

24. WPG's wrongful acts will continue unless enjoined by this Court.

25. No adequate remedy exists at law for the irreparable harm WPG's acts of false designation of origin have caused and are causing Waterfall. Waterfall is entitled to preliminary and permanent injunctive relief.

26. WPG's acts of false designation of origin have caused and continue to cause damage and harm to Waterfall. Waterfall is therefore entitled to a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

27. WPG's acts of false designation of origin have been knowing, willful and in deliberate disregard of Waterfall's rights and of WPG's obligations under federal law. Waterfall is entitled to enhanced damages under 15 U.S.C. § 1117(a).

28. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a). Waterfall should be awarded reasonable attorneys' fees herein.

## COUNT II
**Deceptive Acts and Practices**
**(Section 349 of New York General Business Law)**

29. Waterfall realleges, as if fully set forth at this place, the allegations contained in paragraphs 1-28 above.

30. WPG's unauthorized use of the Infringing Designations creates a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection, association with, or certification by, another, engaging in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

31. Upon information and belief, WPG willfully engaged in deceptive acts and practices in the conduct of business in violation of Section 349 of the General Business Law.

32. WPG's unlawful conduct has caused and will continue to cause irreparable harm and other damages to Waterfall if it is not enjoined. Waterfall has no adequate remedy at law and is thus damaged in an amount not yet determined.

33. As a result of WPG's wrongful and knowing deceptive trade practices, Waterfall is entitled to an injunction, and to recover its costs and attorneys' fees.

## COUNT III
### Unfair Competition
### (New York Common Law)

34. Waterfall realleges, as if fully set forth at this place, the allegations contained in paragraphs 1-33 above.

35. By the acts described above, WPG has intentionally engaged in unfair competition in violation of the common law of the State of New York.

36. WPG's unlawful conduct has caused and will continue to cause irreparable harm and other damages to Waterfall if it is not enjoined. Waterfall has no adequate remedy at law and is thus damaged in an amount not yet determined.

## PRAYER FOR RELIEF

**WHEREFORE,** Waterfall prays that this Court:

1.	Preliminarily and permanently enjoin and restrain WPG, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them who receive actual notice of the Court's order, from using the Infringing Designations and any other mark or designation confusingly similar to Waterfall's *WATERFALL* mark.

2.	Award Waterfall a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

3.	Enter judgment ordering WPG to pay Waterfall all its reasonable costs and attorneys' fees in this action in a sum and manner deemed appropriate by this Court pursuant to 15 U.S.C. § 1117 and/or other applicable law.

4.	Grant Waterfall such other and further relief as the Court may find to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all claims to which a right to jury trial exists under law.


Dated: July 12, 2018	**FAEGRE BAKER DANIELS LLP**

By: */s/ George R. Mesires*_____
George R. Mesires
James J. Saul (to be admitted *pro hac vice*)
FAEGRE BAKER DANIELS LLP
311 S. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:  (312) 356 5101
Fax: (312) 212 6501
Email: George.Mesires@FaegreBD.com
Email: James.Saul@FaegreBD.com

US.118418331.03

-8-

                Peter M. Routhier (to be admitted *pro hac vice*)
                FAEGRE BAKER DANIELS LLP
                2200 Wells Fargo Center
                90 South Seventh Street
                Minneapolis, MN 55402
                Telephone: (612) 766-7000
                Fax: (612) 766-1600
                Email: Peter.Routhier@FaegreBD.com

                *Attorneys for Plaintiff Waterfall Asset Management, LLC*